## WIGGINS *vs.* SILVERTHORN.

APPEAL FROM CIRCUIT COURT, ROCK COUNTY.

Heard October 20, 1859.]        [Decided February 7, 1860.

### *Frauds—Practice—Motions.*

W. had a contract for the sale of real estate, and paid considerable of the purchase money, when the vendor sold the land to S., W. then obtained a decree for specific performance, afterwards a judgment creditor of the vendor levied an execution upon the same land, and sold it, becoming a purchaser, and then assigned to S.; but the execution, sale and assignment were intended to defraud W. out of his purchase money:  Held, that such a sale would be set aside upon the motion of W. as being in fraud of his rights.

This was a motion made by Alexander C. Wiggins, the respondent here, in the circuit court for an order setting aside and vacating a sale of real estate made by the sheriff of Rock county, by virtue of an execution issued out of the circuit court for Rock county, upon a judgment recovered by E. P. Doty against Spencer Snyder.    The motion was based upon petition and affidavits; copies of which, with notice of the motion, was served personally upon the appellants.

On the 22d day of November, 1853, Snyder was the owner of two pieces of land, in the county of Rock ; one being the N. ½ of S. E. ¼ of sec. 28, T. 3, R. 11, 80 acres ; the other, S.W. ¼ of N. E. ¼ of N.W. ¼ of sec. 36, T. 3, R. 10.    These pieces

of land do not adjoin each other, and do not constitute one piece or tract. January 25th, 1853, Doty recovered judgment before a justice of the peace against Snyder for $62 89 damages and costs; and on the 27th day of January, 1853, caused a transcript to be filed in the office of the clerk of the circuit court, so that it became a lien upon this land owned by Snyder.

November 22d, 1853, Snyder entered into a contract with Wiggins to convey to him the N. $\frac{1}{2}$ of S. E. $\frac{1}{4}$ of sec. 28. Wiggins paid two hundred dollars of the purchase money; Snyder continuing to occupy the premises, under the terms of the agreement. On the 16th day of March, 1854, Snyder and his wife conveyed the two tracts of land to Lewis T. Silverthorn; they conspiring together to cheat Wiggins out of the $200, and to prevent him from obtaining a specific performance of the contract, Silverthorn being cognizant of the agreement with Wiggins. June 24th, 1854, Wiggins filed his bill against Snyder and Silverthorn and Mrs. Snyder, to compel specific performance, and obtained a decree in November, 1859. July, 1853, Doty sued out execution on his judgement, before the justice, and on it made $27 05 out of Snyder's personal property. This execution was returned September 15th, 1853. May 5th, 1854, Doty caused an execution to be issued out of the circuit court on his judgment to collect the full amount; not having then filed any evidence of an execution having been issued before the justice. That execution was delivered to the sheriff of the county of Rock, who, by virtue of it, levied upon both these tracts of land; and, June 22d, 1854, sold both tracts for the gross sum of $83 65, being the full amount of the judgment, interest and costs, and expenses of sale; and E. P. Doty was the purchaser. Doty subsequently assigned the certificate of sale to Finley Silverthorn. The petition states that Doty, when applied to by the attorney of Wiggins to redeem, stated that John R. Bennett, who was the solicitor for Silverthorn and Snyder in the suit of Wiggins against them, had redeemed the land from the sale; that John R. Bennett did negotiate with Doty for the certificate, but instead of redeeming, took an assignment to Finley Silverthorn; and states upon belief that Finley paid no consideration for the assignment, and that he took and holds the assignment for the benefit of Lewis or Snyder, and the assignment was taken for the sole purpose of defrauding Wiggins of his interest in the land under his contract with Snyder.

Wiggins vs. Silverthorn.

At the time of making the contract for the sale of the eighty acres between Wiggins and Snyder, there was a mortgage upon the two pieces of land, executed by Snyder and wife, to Smith Halstead, dated July 21, 1851. A decree of foreclosure and sale under that mortgage was obtained on the 5th December, 1854, and the mortgaged premises were advertised to be sold on 30th day of March, 1857. Wiggins offered to pay the amount of the decree and costs to the complainant in the case, and demanded an assignment of the decree. That was refused, and he paid the amount of the decree, interest and cost, amounting to $564 65, to the solicitors for the complaint, in order to protect his interest in the eighty acre tract under said contract.

The motion was made, and an order vacating the sale entered on the 25th day of January, 1859. From this order the two Silverthorns appeal to this court.

. *J. A. Sleeper,* for the respondent.


*By the Court,* PAINE, J. The appellants in this case have furnished no brief, and given no information as to the grounds relied on for reversing the order. Under these circumstances, we have neither the time nor the inclination, to examine a long case very critically, to see what questions might be made upon it. But upon looking through it, assisted by the brief of the respondent's counsel as to the questions made, we have seen no reason for reversing the order.

There is much in the evidence going to show a fraudulent collusion, for the purpose of depriving the respondent of the benefit of his contract for the purchase of the land, and that the assignment of the certificate of sale to Finley Silverthorn was in pursuance of this design. It also appears that Wiggins attempted to redeem from the sale on Doty's execution, and would have done so, but was informed that Silverthorn had redeemed, by which he understood that it was Lewis F. Silverthorn, with whom he was already in litigation with respect to it. This was such a mistake of fact as would perhaps be a sufficient ground for equitable relief. And taken

in connection with the strong probability that the assignment of the certificate to Finley Silverthorn was really for the benefit of Lewis F., we think it justifies the order appealed from.

The order is affirmed with costs.