Gunn vs. Madigan.

## GUNN vs. MADIGAN.

GUARANTY. (1) *Guaranty of note* overdue, *to pay it* when due.
PLEADING. (2, 3) *Liberal rule of construction.* (4) *Pleading counterclaim.*
TRIAL — EQUITABLE ISSUE. (5) *Equitable issue triable by the court alone.* (6) *May be tried after assessment of damages by jury.* (7, 8) *When evidence relating thereto must be offered.*

1. A guaranty to pay a note *when due* is not void because the note is overdue when such guaranty is endorsed thereon; but the guarantor's liability begins from the delivery of the note with such endorsement to the guarantee.

2. For the former rule that a pleading must be construed most strictly against the pleader, the code has substituted the rule that pleadings must be liberally construed with a view to substantial justice between the parties.

3. The complaint in this case *held* to state a cause of action on a guaranty·

4. Where the answer in an action upon a written guaranty alleges that the writing does not express the intention of the party and was signed by mistake, and also shows what the true intention was, but does not state that such allegations are made as a counterclaim, nor demand any further relief, it cannot be treated as a counterclaim.

5. The facts thus averred constitute an equitable defense, and the issue (raised by the statute without any reply) is an equitable issue, and triable by the court.

6. It was not error to take an assessment of damages by a jury (if one was required under the proceedings), *before* such equitable issue was tried, where the convenience of the court so required.

7. Upon such jury trial, defendant was not entitled to make proof of the alleged mistake, but could avail himself of that proof only upon trial of the equitable issue, the court not submitting the question of fact therein to the jury.

8. Where the defendant, after moving to set aside the verdict assessing damages, and after a stay of proceedings thereon, refused, at the trial of the equitable issue by the court, to introduce evidence of the alleged mistake, it was not error to render judgment in plaintiff's favor upon the verdict.

APPEAL from the Circuit Court for *Dodge* County.

Action upon a guaranty of a promissory note. The facts are stated in the opinion. The defendant appealed from a judgment for the plaintiff.

*F. Hamilton,* for appellant, argued that the complaint does not state a cause of action under sec. 24, ch. 125, R. S., because it fails to allege that the sum stated to be due on the *note* is due on the note *and guaranty*, or on the guaranty itself, or *from the defendant to the plaintiff;* and that it is not sufficient under subd. 2, sec. 3 of that chapter, because it does not allege that the three makers of the note jointly and severally made it, or by it jointly and severally promised to pay, etc., or even that they promised to pay at all; neither does it allege that neither the makers of the note nor *any of them* had paid the same; nor does it state that defendant either signed, or made, or executed his written guaranty. Again, the guaranty being indorsed eight days after the maturity of the note, and being in terms a guaranty of its payment "when due," counsel argued that if

these words were understood as referring back to the day when the note matured, the contract was *impossible of performance*, and therefore null (Chitty on Con., 59 ; 2 Parsons on Con., 186 and note a ; 1 id., 385–86 and 382, note e) ; and if not so understood, as they were obviously intended to limit the obligation in *some* way, and it does not appear to what date they refer, they render the contract too *uncertain* to be valid. *Leonard v. Carter*, 16 Wis., 607. 2. Defendant was entitled to judgment for want of a reply, under sec. 31, ch. 125, R. S. 3. There are only two kinds of issues, to wit, of law and fact (R. S., ch. 132, sec. 1) ; and, by section 6 of said ch. 132, an issue of fact in an action for the recovery of money only (such as this is) *must* be tried by a jury, unless a jury trial be waived in the manner provided by sec. 18. By sec. 5, art. I of the constitution of this state, " the right of trial by jury shall extend to all cases at law without regard to the amount in controversy, unless a jury be waived in the manner prescribed by law." It is the character of the facts set forth *in the complaint* which *alone* distinguishes the action as legal or equitable ; and as the defendant may set forth as many defenses or counterclaims as he may have, whether legal or equitable or both (R. S., ch. 125, sec. 12), he does not thereby change the character of the action.

*Elwell & Lander*, for respondent:

. The note was *prima facie* due when the guaranty was made, and, without proof of some agreement to extend the time of payment, was due at any and all times since, and in that case the guaranty was due *presently*, and in legal effect due and payable immediately. *Gaylord v. VanLoan*, 15 Wend., 308; *Cornell v. Moulton*, 3 Denio, 12. If defendant had simply indorsed the note, even after due, he would have been liable after proper demand and notice. This guaranty is an absolute and unconditional engagement to pay the note at maturity. 2. The admissions of the answer do away with all question as to the time when the guaranty was to be performed. 3. The answer sets up the mistake as a defense merely. *McConihe v. Hollister*,

19 Wis., 260. The offer of parol evidence to sustain this defense was in violation of the rule that evidence of a contemporaneous parol agreement is inadmissible to contradict or vary the terms of a written instrument, and that all prior negotiations between the parties are merged in the written agreement. *Brown v. Curtiss*, 2 Coms., 225; *Taylor v. Pratt*, 3 Wis., 674; *Heath v. Van Cott*, 9 Wis., 516. The rule in equity is the same as at law, except *in actions to reform the instrument.* Willard's Eq., 286; 2 Starkie, 555; 1 Greenl. Ev., sec. 296a; *Bush v. Tilley*, 49 Barb., 599; *Follett v. Heath*, 15 Wis., 601; *Downie v. White*, 12 id., 176; *Cooper v. Tappan*, 4 id., 362; 7 id., 338, 532. 4. The order in this case directing the equitable issue to be tried before the court alone is sustained by *Harrison v. Juneau Bank* (17 Wis., 340), except, perhaps, that the equitable issue should have been tried *first.* If this issue had been submitted to a jury, their verdict must have been special, and the court would not have been bound by it. R. S., ch. 132, secs. 11, 14, 15.

LYON, J. The complaint alleges that James Francis and Henry Gormley, on the 9th day of April, 1867, made, executed, stamped and delivered to the defendant their promissory note in writing, a copy of which is inserted in the complaint. The note is dated April 9th, 1867, is for $201.66 and ten per cent interest, and was payable October 1st, 1867.

The complaint further states that on the 9th day of October, 1867, the defendant, for value received, sold, transferred, assigned and delivered said note to the plaintiff, and then and there guarantied the payment thereof to the plaintiff by his written guaranty, duly stamped, endorsed on the back of said note as follows:

"For value received, I guaranty the payment of the within note when due.

"Dated October 9th, 1867.

"JOHN ✕ MADIGAN."
His mark

It concludes as follows:

" And although said note became due and payable before the commencement of this action, yet the said makers of said note, nor the said defendant, have paid the same or any part thereof, except the interest to October 9th, 1867 ; that the plaintiff is now the owner and holder of said note and guaranty ; and that there is now due on said note the sum of $201.66 with interest from October 9th, 1867, at ten per cent."

Demand for judgment in the usual form.

The answer of the defendant denies the making of the guaranty in the form stated in the complaint, but admits the sale and delivery of the note to the plaintiff, and the signing, by making his mark, of a written guaranty endorsed thereon. It further states that at the time of such sale and transfer, the time for the payment of such note was extended by agreement between the plaintiff and the makers of the note, in consideration of the payment by them of the interest thereon to that date ;* that the agreement between the plaintiff and the defendant was, that the defendant should guaranty the *collection* of the note ; that when he signed the guaranty he supposed and intended the same to be a guaranty of the *collection* thereof pursuant to such agreement ; and that " by mistake of Arie Banta, the person who wrote said guaranty, the word *'payment,'* if written by him therein, was used instead of the word *collection,* contrary to said agreement and the intention of the parties thereto." The defendant denies the making of any other or different guaranty.

The answer does not state that any defense therein contained is set up by way of counterclaim, and no demand is therein made for affirmative relief.

The complaint and answer are the only pleadings in the action.

On the trial, the plaintiff, under objection by the defendant, which the court overruled, read in evidence the note and guar-

---

* It appears further from the answer that the period for which payment of the note was extended had expired several months before the commencement of this action.—REP.

Gunn vs. Madigan.

anty, and there rested his case.    A motion by the defendant for judgment of nonsuit was overruled, and the defendant offered himself as a witness in his own behalf.    The plaintiff objected to the admission of any evidence on the part of the defendant, under his answer, relating to the mistake therein alleged, and the court sustained the objection.    The defendant offered no other evidence, and the court directed the jury to return a verdict for the plaintiff for the amount of the principal and interest due on the note, which was accordingly done.

A motion having been made to set aside such verdict and for a new trial, the court, during the same term at which such verdict was found, stayed all proceedings thereupon until the further order of the court, and ordered further "that the equitable issue formed by the answer of the defendant in said action be tried before this court at a general or special term, upon the usual notice."    Afterwards, at a special term of the court, the plaintiff having duly noticed such issue for trial, and the cause being upon the calendar, the defendant moved to strike it from the calendar, and objected to the trial thereof without a jury; but such motion was denied and such objection overruled by the court.    The defendant thereupon declined to give any evidence relating to such alleged mistake or such equitable issue; and thereupon the court vacated the former order staying proceedings upon the verdict, and gave judgment upon such verdict for the plaintiff.

From that judgment the defendant has appealed to this court.

I. The objection to the admission of the note and guaranty in evidence, and the motion for a nonsuit, were based upon two grounds: "first, that it appears upon the face of the complaint that it does not contain facts sufficient to constitute a cause of action; and second, that the guaranty is void for ambiguity, and on its face appears impossible to be performed."

The objection to the guaranty is, that it is a contract to guaranty the payment of the note *when due*, and the note was past due when such contract was made.    The reason for using this

form of expression is quite satisfactorily explained by the statement in the answer that the time for the payment of the note was extended to a future day when the guaranty was made. But independently of that fact, there can be no doubt of the validity of the guaranty in that form. It is not unlike the case where an overdue note is transferred by indorsement. The contract of an indorser is, that if due demand of payment be made of the maker when the note falls due, and proper notice of non-payment be given to the indorser, he will pay the note. Now where a note is indorsed and transferred after due, this cannot be done, yet the law permits such demand to be made and such notice to be given within a reasonable time after the transfer of the note, and, if that be done, holds the indorser liable. The guaranty of the defendant is to pay the note *when due*. It was due when transferred to the plaintiff. Hence, but for the extension of time of payment, it was due and an action could have been maintained upon the guaranty as soon as the note was delivered to the plaintiff, the same as the liability of the indorser of an overdue note or bill may be fixed by demand, and notice of non-payment, immediately after he transfers such note or bill.

But it is claimed that the complaint does not state a cause of action. The counsel for the defendant has submitted in his brief a most acute and searching criticism of the complaint, and has pointed out many alleged defects in it, some of which he contends are so vital that a general demurrer reaches them. It is not necessary to examine in detail these alleged defects in the complaint, for the reason that it is very evident that we must decide upon the sufficiency of it by the application of tests differing radically from those employed by the learned counsel. The rule practically applied by him is, that a pleading must be construed most strictly against the pleader. He seems to have forgotten that this stern rule is repealed by the code, and in its place a more humane and beneficent one has been enacted. "In the construction of a pleading, for the pur-

pose of determining its effect, its allegations shall be liberally construed with a view to substantial justice between the parties." R. S., ch. 125, sec. 21. Looking at this complaint in the light of this new rule, it really seems to us that it states a cause of action. Indeed we are not quite sure that it is necessary to invoke the aid of that rule to enable us to hold that it is a good pleading. It sets out the contract and the alleged breach thereof, the interest of the plaintiff, and the liability of the defendant, and demands the proper judgment, and all this in the usual and approved forms of pleading under the code. Ought we to demand more?

II. The next point made by the counsel for defendant is, that the answer contains a counterclaim, and that the defendant was entitled to judgment thereon for want of a reply, by virtue of the provisions of the code on that subject. R. S., ch. 125, sec. 31.

That the allegations of the answer in respect to the mistake in the contract of guaranty constitute the proper subject matter of a counterclaim, must be conceded, because those allegations constitute a distinct cause of action in favor of the defendant and against the plaintiff; and such cause of action is clearly available as a counterclaim in this action, if pleaded as such.

But the difficulty is that it is not so pleaded. There is nothing in the answer from which we can infer that it was intended to interpose the defense as a counterclaim. The liberal rule for the construction of pleadings before mentioned would doubtless excuse the pleader from using any particular form of words in order to make his pleading a counterclaim; but he must by some reasonable language indicate that he so intends it. The usual form of giving such intimation is by inserting therein a prayer for relief, or a statement that the pleading is a counterclaim. We find nothing of the kind in this answer, and the law is well settled that in such case the pleading cannot be considered a counterclaim. *McConihe v.*

*Hollister*, 19 Wis., 269; *Bates v. Rosekrans*, 37 N. Y., 409; *Clough v. Murray*, 19 Abb. Pr. R., 97; *Wright v. Delafield*, 25 N. Y., 266; *Burrall v. De Groot*, 5 Duer, 379.

The allegations of the answer being stated merely as a defense and not as a counterclaim, no reply was necessary. R. S., chap. 125, sec. 32.

III.    The remaining question to be determined is, whether the court erred in excluding all evidence on the part of the defendant concerning the mistake set forth in the answer, from the consideration of the jury.

Beyond all question the answer in this respect states an equitable cause of action against the plaintiff.    Had the defendant commenced an action against the plaintiff, averring the same facts and demanding judgment that the contract of guaranty be reformed in accordance with the alleged contract between the parties, such action would have been an equitible one, and neither party would have been entitled to a jury trial as a matter of right.    Clearly the nature of such cause of action is not changed, if, instead of bringing an action thereon, the defendant pleads the same facts as a defense to an action brought against him on the guaranty.    These facts, being pleaded as a defense and not as a counterclaim, are deemed to be denied by the plaintiff, without a reply, and thus an issue is made upon them by operation of the statute.    R. S., ch. 125, sec. 32.    Such issue is necessarily an equitable one.

It is not a good answer to these views to say that the code abolishes the distinction between actions at law and suits in equity, and that therefore this defense stands on the same footing with any other defense in a civil action.    For there are inherent differences between actions at law and suits in equity, which cannot be abolished, and which are constantly recognized by the legislature and the courts.    *Wiggins v. Silverthorn*, 10 Wis., 492; *Mowry v. Hill*, 11 Wis., 146; *Stillwell v. Kellogg*, 14 Wis., 461; *Truman v. McCollom*, 20 Wis., 360.

The issue thus made by the answer, being an equitable one,

was properly triable by the court, and there was no error in taking an assessment of damages by a jury before such issue was tried. *Harrison v. The Juneau Bank*, 17 Wis., 340. It is said in that case that the correct practice in such cases is to try the equitable issue first, and afterwards the legal issue. This is doubtless true as a general rule, but it not unfrequently happens at the circuit that it becomes desirable to dispose of the legal issue first, in order to avoid delay, and for the convenience of the court. The order in which the issues are tried, may, I think, be left to the discretion of the circuit judge. In this case no defense was interposed except the alleged mistake. The answer substantially admits the signing of the guaranty, and it is doubtful whether an assessment of damages was necessary. The only way in which the defendant could have obtained any benefit under his answer, was to proceed to the trial of the equitable issue, and there establish by evidence the truth of its averments. Had he proved the mistake in the guaranty, as alleged, doubtless the court would have required the plaintiff to amend his complaint to correspond with the contract actually made by the parties, and, in default of making such amendment, would have dismissed his action

Clearly it was not competent for the defendant to show this alleged mistake by oral testimony in any other way. The written guaranty is presumed to express the real contract between the parties; and in an action upon it, evidence to show that an agreement or understanding existed, at the time of its execution, which changes its terms or controls its legal effect, is inadmissible. Such evidence can only be received in a direct proceeding to reform the contract. These principles are elementary and of universal application, and it is quite unnecessary to cite authorities in support of them.

The circuit court treated the averments of the answer in that behalf as equivalent to a direct proceeding to reform the contract of guaranty, and gave the defendant an opportunity, in strict accordance with the rules of law and the practice of the

court, to try the issue and prove his defense if he could. The defendant refused to avail himself of the opportunity thus given, and left his defense entirely unproved. Under these circumstances the court could do no less than give judgment for the plaintiff on the verdict.

We find no error in the proceedings and rulings in the circuit court, and are of the opinion that the judgment should be affirmed.

*By the Court.* — Judgment affirmed.