CED Properties LLC, Plaintiff-Appellant,†

v.

City of Oshkosh, Defendant-Respondent.

Court of Appeals

*No. 2012AP5. Submitted on briefs March 8, 2013.
—Decided May 1, 2013.*

2013 WI App 75

(Also reported in 836 N.W.2d 654.)

† Petition for Review granted 9-18-13.

306

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Erik S. Olsen* of *Samuel Phillip Law Offices, LLC*, Madison.

On behalf of the defendant-respondent, the cause was submitted on the briefs of *Richard J. Carlson* of *Silton Seifert Carlson, SC*, Appleton.

Before Neubauer, P.J., Reilly and Gundrum, JJ.

¶ 1. GUNDRUM, J. This case requires us to decide whether Wisconsin's notice pleading and relation back statutes, respectively Wis. Stat. §§ 802.02(1) and 802.09 (2011–12),[1] apply to special assessment appeals under Wis. Stat. § 66.0703 and, if so, whether those provisions save CED Properties LLC's otherwise untimely claim related to a special assessment levied against it by the City of Oshkosh. We conclude that our notice pleading and relation back statutes do apply, but they do not save CED's claim. We affirm.

## BACKGROUND

¶ 2. On July 27 and 31, 2010, respectively, the City of Oshkosh passed and published a resolution levying assessments against multiple properties to help pay for improvements at the intersection of Murdock Avenue and Jackson Street. Because CED owned property on a corner of that intersection, the resolution levied special

---

[1] All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

assessments[2] against CED in the amount of $19,241.73 related to the Murdock Avenue portion of the project and $19,404.93 related to the Jackson Street portion.

¶ 3.  On September 23, 2010, CED filed a notice of appeal and complaint with the circuit court. The notice of appeal states that CED "has appealed the special assessment as further described in the complaint." The complaint states in paragraph three that CED "owns property located at 1800 Jackson Street Oshkosh, WI 54901, City of Oshkosh parcel number 15–1898–1000" and in paragraph four that "[o]n July 27, 2010 Oshkosh, by its Common Council, authorized the issuance of a $19,241.73 special assessment on parcel number 15–1898–1000 to help pay for the street repair portion of the Jackson Street–Murdock Avenue intersection improvement project." The next seven paragraphs begin with "[CED] objects to the special assessment on the grounds that," and then each paragraph articulates a separate ground. CED's prayer for relief asks the court to find "said Special Assessment against [CED] to be . . . void and unenforceable and that [CED] be reimbursed for any payments made in regard to the void Special Assessment."

¶ 4.  On June 28, 2011, CED filed an amended complaint modifying paragraph four to read:  "On or around July 27th, 2010, Oshkosh, by its Common Council, authorized the levy of special assessment(s) on or against [CED's] parcel to help pay for a construction

---

[2] CED takes the position that the City levied only one special assessment for its property and just had two different dollar amounts identified—$19,241.73 for Murdock Avenue and $19,404.93 for Jackson Street. Because we conclude, as we discuss later, that there were two separate assessments, one related to each road, we refer to these throughout the decision as separate assessments.

project that would be performed on and in the vicinity of the Jackson Street–Murdock Avenue intersection." The amended complaint raises the same grounds for objection but one as in the complaint; however, CED modified each of the restated paragraphs in the amended complaint so that they relate to "the special assessment(s)." It is undisputed that CED filed this amended complaint in an attempt to clearly appeal the $19,404.93 Jackson Street assessment in addition to the $19,241.73 Murdock Avenue assessment.

¶ 5. The City moved for partial summary judgment and CED moved for summary judgment. Related to both motions, the City argued that CED's claim regarding the $19,404.93 Jackson Street special assessment was untimely because it was not filed within the ninety-day period permitted by WIS. STAT. § 66.0703(12)(a), and CED contended the complaint provided the City notice that CED was challenging both assessments and that, in any event, its $19,404.93 Jackson Street claim in the amended complaint was timely because it related back to the complaint. CED further argued that both special assessments were void based on the grounds identified in its amended complaint. The City conceded that judgment in favor of CED was appropriate with regard to the $19,241.73 Murdock Avenue assessment, based on one of the grounds raised by CED, and the circuit court granted CED's motion as to that assessment. The court, however, also granted the City's motion for partial summary judgment, dismissing CED's claim related to the $19,404.93 Jackson Street assessment on the ground that the claim was not timely filed. The court concluded that Wisconsin's notice pleading rules do not apply because there is a specific statute providing for a ninety-day limitation period. The court did not rule directly on whether the relation back provision applies, but implic-

309

itly ruled that it does not. CED appeals, raising the same issues. Additional facts are incorporated as necessary.

## DISCUSSION

*Standards of Review*

¶ 6. Whether the circuit court properly granted a motion for summary judgment is a question of law we review de novo, applying the same standards used by the circuit court, which are set forth in WIS. STAT. § 802.08. *Emjay Inv. Co. v. Village of Germantown*, 2011 WI 31, ¶ 24, 333 Wis. 2d 252, 797 N.W.2d 844. Summary judgment "shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Sec. 802.08(2). Further, whether Wisconsin's notice pleading and relation back statutes apply to special assessment appeals under WIS. STAT. § 66.0703 presents us with a question of statutory interpretation, a matter of law we review de novo. *Dawson v. Town of Jackson*, 2011 WI 77, ¶ 17, 336 Wis. 2d 318, 801 N.W.2d 316.

*Applicable Statutes*

¶ 7. Special assessment appeals such as CED's are governed by WIS. STAT. § 66.0703(12). The City identifies subsections (12)(a) and (e) as particularly relevant here. Subsection (12)(a) affords an interested person ninety days after publication of a final resolution to appeal the municipality's determination to the circuit court. This provision has been referred to as a statute of

310

limitation. *See Emjay*, 333 Wis. 2d 252, ¶ 2 n.3. Subsection (12)(e) provides in relevant part that "[a]n appeal under this subsection is the sole remedy of any person aggrieved by a determination of the governing body . . . and shall raise any question of law or fact, stated in the notice of appeal, involving . . . the levy of any special assessment."

¶ 8. WISCONSIN STAT. § 802.02(1), regarding notice pleading, provides in relevant part:

CONTENTS OF PLEADINGS. A pleading . . . that sets forth a claim for relief . . . shall contain all of the following:

(a) A short and plain statement of the claim, identifying the transaction or occurrence or series of transactions or occurrences out of which the claim arises and showing that the pleader is entitled to relief.

(b) A demand for judgment for the relief the pleader seeks.

WISCONSIN STAT. § 802.09(3) provides in relevant part:

RELATION BACK OF AMENDMENTS. If the claim asserted in the amended pleading arose out of the transaction, occurrence, or event set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the filing of the original pleading.

*The City issued two special assessments*

¶ 9. As a threshold matter, we consider CED's contention that there was but one special assessment related to its property and that it just identified the wrong dollar amount in its complaint. The record does not support this assertion.

¶ 10. To begin, the City submitted on summary judgment an affidavit of its assistant public works director, whose duties include preparing and reviewing

special assessments for public works projects. The director averred that the City has "a policy of exercising its special assessment authority for street and utility improvements by levying a separate special assessment for each street/ utility improvement that abuts the property. For corner properties, the City will levy two separate special assessments, one for each street frontage." He further averred that the City, on July 27, 2010, "levied two separate special assessments against [CED] in connection with" the intersection improvement project. Attached to the affidavit as exhibits are the separate schedules of assessments for Murdock Avenue and Jackson Street, copies of which are appended to this opinion.

¶ 11.  Each schedule contains a column for "CONCRETE PAVING ASSESSMENT." *See* Appendix. Beneath this heading, a dollar value is listed which corresponds to individual property owners identified in rows going down the left side of the schedule. *Id.* Consistent with the director's averment, there is a separate "CONCRETE PAVING ASSESSMENT" for each individual property owner on each of the two street schedules. *Id.* The Murdock Avenue schedule shows a "$19,241.73" "CONCRETE PAVING ASSESSMENT" for CED. *Id.* The Jackson Street schedule shows a "$19,404.93" "CONCRETE PAVING ASSESSMENT" for CED. *Id.* CED has identified nothing in the record showing the City ever merged the two "CONCRETE PAVING ASSESSMENT" amounts into one "$38,646.66" assessment, or otherwise undermining the above facts. CED complains that it was "confus[ed]" about the amount it was being assessed; however, the Jackson Street schedule of assessments identifies the $19,404.93 "CONCRETE PAVING ASSESSMENT" for CED related to that street as clearly as the Murdock Avenue schedule identifies the $19,241.73 "CONCRETE PAVING AS-

SESSMENT" for CED related to that street.[3] Thus, we agree with the circuit court's conclusion that the schedules of assessments for Murdock Avenue and Jackson Street "do clearly indicate CED Properties, one for Jackson and one for Murdock."

¶ 12. CED contends that the City's answer to the fourth paragraph of CED's complaint suggests there was only one assessment levied against CED. We disagree. That answer states: "Admits only that on July 27, 2010, the City of Oshkosh, by its Common Council, adopted a Final Resolution authorizing and levying a special assessment *against parcel number 15–1898–1000 and other benefitted properties,* for public improvements listed in the Resolution, and denies the remaining allegations of paragraph 4." (Emphasis added.) It is clear that the use of the term "special assessment" here is referring to the City's overall special assessment related to the project, which included the $19,241.73 special assessment CED identified in its complaint, and does not lead to an inference that the City only levied one individual special assessment against CED that encompassed both Murdock Avenue and Jackson Street.[4]

[3] On appeal, CED argues that its "confusion" was due to the City's "obtuse report." Before the circuit court, it referred to the document as the "report" and the "preliminary resolution." Regardless of the term used by CED, the document it cites as the source of its confusion contains the two schedules of assessments included in the appendix herein, which clearly show the separate $19,404.93 Jackson Street "CONCRETE PAVING ASSESSMENT" and $19,241.73 Murdock Avenue "CONCRETE PAVING ASSESSMENT" for CED.

[4] Highlighting the term "single assessment," the dissent suggests that a provision in the Final Resolution posted on the City's website indicates the City only levied one assessment against CED. *See* Dissent, ¶¶ 1–3. The provision, with different terms highlighted, reads:

¶ 13. Based on the above, we conclude that the City levied two special assessments against CED, one for $19,241.73 related to Murdock Avenue and one for $19,404.93 related to Jackson Street.

*Notice pleading and relation back rules apply to special assessment appeals under Wis. Stat. § 66.0703*

■

¶ 14. CED argues that under Wisconsin's "liberal policy of notice pleading," its complaint was sufficient to

---

That the *assessments* for all projects included in said report are hereby combined as a single assessment but any interested property owners shall be entitled to object to *each assessment* separately or *both assessments,* jointly for any purpose or purposes. (Emphasis added.)

This language actually supports our conclusion that within the overall special assessment for the intersection improvement project, separate assessments were levied. To challenge these separate assessments, the provision provides that a property owner could appeal them separately or jointly. Here, CED failed to timely challenge the Jackson Street assessment against it either by separate appeal or as part of its appeal of the Murdock Avenue assessment.

The dissent further points out that the City conceded the resolution was deficient due to procedural shortcomings and characterizes our opinion as "reward[ing] the City for its failure to provide the statutorily required notice" by not allowing CED's Jackson Street assessment to be voided as well. Dissent, ¶ 7. However, as we conclude, CED failed to timely appeal the Jackson Street assessment. As our supreme court has held, even if an assessment process is flawed, such that any levy is void, if the property owner fails to timely appeal the assessment at issue pursuant to the requirements set forth in Wis. Stat. § 66.0703(12), the assessment stands. *See Emjay Inv. Co. v. Village of Germantown,* 2011 WI 31, ¶¶ 35, 42, 333 Wis. 2d 252, 797 N.W.2d 844.

put the City on notice that it was appealing both the Jackson Street and Murdock Avenue assessments. Alternatively, CED argues that its Jackson Street claim in the amended complaint relates back to the original complaint, bringing that claim within the ninety-day appeal period. The City argues that notice pleading and relation back rules do not apply because WIS. STAT. § 66.0703(12)(a) provides a specific ninety-day period to appeal and subsec. (12)(e) states in relevant part that "[a]n appeal under this subsection is the sole remedy of any person aggrieved by a determination of the governing body . . . and shall raise any question of law or fact, stated in the notice of appeal, involving . . . the levy of any special assessment." Neither party discusses WIS. STAT. § 801.01(2), which we find critical to our determination of this issue.

¶ 15. WISCONSIN STAT. § 801.01(2) states in relevant part: "[WIS. STAT. chs.] 801 to 847 govern procedure and practice in circuit courts of this state in all civil actions *and special proceedings . . . except where different procedure is prescribed by statute or rule.*" (Emphasis added.) An appeal of a special assessment under WIS. STAT. § 66.0703 is a special proceeding, *Mayek v. Cloverleaf Lakes Sanitary Dist. No. 1,* 2000 WI App 182, ¶ 5, 238 Wis. 2d 261, 617 N.W.2d 235,[5] and WIS. STAT. §§ 802.02(1) and 802.09(3) obviously fall within "Chapters 801 to 847."

___

[5] *Mayek v. Cloverleaf Lakes Sanitary District No. 1,* 2000 WI App 182, 238 Wis. 2d 261, 617 N.W.2d 235, interpreted the predecessor statute to WIS. STAT. § 66.0703(12), WIS. STAT. § 66.60(12). For purposes of this discussion, the provisions are materially the same. *See Emjay Inv. Co.,* 333 Wis. 2d 252, ¶¶ 1, 39 & n.2 (identifying § 66.60 as the predecessor statute to § 66.0703 and observing that the two statutes are "substantively identical").

315

¶ 16. Contrary to the City's suggestion, we do not read WIS. STAT. § 66.0703(12)(a) and (e) as containing any "different procedure" that would preclude operation of WIS. STAT. §§ 802.02(1) or 802.09(3). Indeed, the parties have not identified, and we have not found, any "statute or rule" undermining application of the notice pleading and relation back provisions to special assessment appeals under § 66.0703. Thus, we hold that those provisions apply. *See also Smith, Becker & McCormick Prop s. v. City of LaCrosse*, 2003 WI App 247, ¶ 15, 268 Wis. 2d 253, 673 N.W.2d 696 (holding that the ninety-day statute of limitation period related to annexations under WIS. STAT. ch. 66 did not preclude operation of the § 802.09(3) relation back provision because there was "nothing in [the relevant statute] that either directly or indirectly prescribes a different procedure for amendment of pleadings"); *Town of Fitchburg v. City of Madison*, 98 Wis. 2d 635, 653–54, 299 N.W.2d 199 (1980) (in determining that joinder was available, noted WIS. STAT. chs. 801 to 847 govern special proceedings where nothing within ch. 66 specifically provides a different procedure). That determination, however, does not save CED's claim related to the Jackson Street assessment.

*CED's complaint provided no notice of an appeal of the Jackson Street assessment*

██

¶ 17. Even applying our liberal notice pleading rule, CED's complaint fails to identify a claim related to the $19,404.93 Jackson Street special assessment because it fails to set forth basic facts giving rise to that claim. *See Apple Hill Farms Dev., LLP v. Price*, 2012 WI App 69, ¶ 17, 342 Wis. 2d 162, 816 N.W.2d 914. CED's

notice of appeal indicated only that CED was appealing "the special assessment as further described in the complaint." The only special assessment described in the complaint is "a $19,241.73 special assessment on parcel number 15–1898–1000," which was authorized by the Oshkosh Common Council on July 27, 2010, "to help pay for the street repair portion of the Jackson Street–Murdock Avenue intersection improvement project." CED's subsequent paragraphs identify the various grounds for its appeal, but each paragraph begins with "[CED] objects to *the* special assessment." (Emphasis added.) In its prayer for relief, the complaint asks the court to find "*said* Special Assessment against [CED] to be . . . void and unenforceable" and that CED be reimbursed for any payments made "in regard to the void Special Assessment." (Emphasis added.) Again, the complaint identifies only one special assessment that could be "*the* special assessment" and "*said* Special Assessment" and that is the "$19,241.73 special assessment" described in paragraph four, which dollar amount relates specifically and only to the Murdock Avenue assessment.

¶ 18.   CED contends its complaint "clearly put the City on notice that it was challenging the special assessment(s) related to the 'Jackson Street–Murdock Avenue intersection improvement project,'" adding that its "original complaint *read with the dollar amount deleted* makes this clear." (Emphasis added.) But the specific "$19,241.73" dollar amount corresponding to the Murdock Avenue special assessment was *not* deleted in CED's complaint, it was included, and that is what provided the City with clear notice that CED was only appealing that assessment. Even the most generous reading of the complaint does not allow an infer-

317

ence that CED was attempting to appeal the $19,404.93 Jackson Street special assessment.[6]

*CED's claim appealing the $19,404.93 Jackson Street special assessment does not relate back to the complaint*

██

¶ 19. CED alternatively contends that its $19,404.93 Jackson Street assessment claim in the amended complaint relates back to the complaint and is therefore timely. We disagree.

¶ 20. WISCONSIN STAT. § 802.09(3) provides in relevant part that "[i]f the claim asserted in the amended

---

[6] CED contends the City had actual notice that it opposed both assessments because its counsel made comments before the common council indicating CED's general opposition to the entire intersection improvement project. To begin, CED cites no authority demonstrating the propriety of looking beyond the notice of appeal and complaint for determining whether those documents provided notice under WIS. STAT. § 802.02(1) of the Jackson Street assessment claim. Second, CED references a DVD identifying these comments and supporting its assertion that they were in fact made; however, no such DVD is in the record. *See Roy v. St. Lukes Med. Ctr.*, 2007 WI App 218, ¶ 10 n.1, 305 Wis. 2d 658, 741 N.W.2d 256 (we are limited to matters and materials in the record). Lastly, even if it was appropriate for us to consider these comments, the comments provide no suggestion that CED would actually be appealing either assessment against it. The comments cited in CED's brief are:

> On behalf of [CED] I would put it to the Council that the project or improvement, in this case the improvement of the intersection at Jackson and Murdock street is not local in nature, Jackson Street is Highway 76—it's a project that benefits travelers, it benefits the entire city. Jackson Street, I believe, is what turns into Highway 45 and runs out to 41 . . . we would object on the grounds that the project simply isn't local in nature. (Underlining omitted.)

As the City points out, an objection to the project made before the common council is not the same as an appeal of levied assessments to the circuit court.

pleading arose out of the transaction, occurrence, or event set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the filing of the original pleading." Interpreting this language, our supreme court has stated that a defendant receives fair notice of a new claim if the timely original complaint sets forth the "facts out of which the [new] claim arises." *Korkow v. General Cas. Co. of Wis.*, 117 Wis. 2d 187, 199, 344 N.W.2d 108 (1984).

¶ 21. Focusing on the language of WIS. STAT. § 802.09(3), the only occurrence/event "set forth or attempted to be set forth" in CED's complaint is the City's July 27, 2010 "authoriz[ation] [of] the issuance of a $19,241.73 special assessment" on CED's property. Even though the City also authorized the issuance of the $19,404.93 Jackson Street special assessment on the same day, due to the specificity of the occurrence/ event set forth by CED in its complaint, we cannot conclude that CED's new claim related to the Jackson Street assessment arises from that occurrence/event. Further, considering *Korkow*, we observe that the complaint fails to provide facts out of which the Jackson Street assessment claim arises. As written, the facts relate only to the Murdock Avenue assessment claim. Accordingly, CED's attempt to add its $19,404.93 Jackson Street assessment claim to its appeal of the $19,241.73 Murdock Avenue assessment fails in that the Jackson Street claim does not relate back to the complaint and is therefore untimely.[7]

---

[7] CED's new claim fairs no better under the more restrictive relation back approach we took in *Thom v. OneBeacon Ins. Co.*, 2007 WI App 123, 300 Wis. 2d 607, 731 N.W.2d 657. Applying WIS. STAT. § 802.09(3) in that case, we concluded that the original complaint failed to give the defendant fair notice of a new claim raised in the plaintiff's amended complaint because even though the defendant "undoubtedly had knowledge of

## CONCLUSION

¶ 22. As set forth above, we conclude that WIS. STAT. §§ 802.02(1) and 802.09(3), Wisconsin's notice pleading and relation back statutes, apply to special assessment appeals under WIS. STAT. § 66.0703(12). However, even applying these provisions, CED's attempted appeal of its $19,404.93 Jackson Street special assessment fails.

*By the Court.*—Judgment affirmed.

¶ 23. REILLY, J. *(dissenting)*. I respectfully dissent. The City, on July 27, 2010, adopted Final Resolution 10–227, which created a "single assessment" for the "Jackson Street–Murdock Avenue intersection improvement project." The Final Resolution expressly states:

> That the assessments for all projects included in said report are hereby combined as a *single assessment* but any interested property owners shall be entitled to object to each assessment separately or both assessments, jointly for any purpose or purposes.[1] (Emphasis added.)

most of the facts underlying the [new] claim . . . nothing in the original complaint *indicated [the plaintiff] would actually raise that claim." Thom,* 300 Wis. 2d 607, ¶¶ 19, 23 (emphasis added). Like the plaintiff's complaint in *Thom,* CED's complaint failed to give notice that CED would raise a claim related to the $19,404.93 Jackson Street assessment.

[1] OSHKOSH, WIS., RESOLUTION 10–227 at ¶ 5 (July 27, 2010), *available                                                                    at* http://www.ci.oshkosh.wi.us/weblink8/0/doc/584865/Page1.aspx. The City provided an unreadable version of this resolution for the record in the form of its one-column published notice. I take judicial notice of the version posted by the City on its website per WIS. STAT. § 902.01(3) and *Sisson v. Hansen Storage Co.,* 2008 WI App 111, ¶ 11, 313 Wis. 2d 411, 756 N.W.2d 667.

320

¶ 24. CED challenged the "special assessment" for the "Jackson Street–Murdock Avenue intersection improvement project" as being "contrary to provisions of the Wisconsin Statutes, and void and unenforceable." Procedural steps for levying special assessments are jurisdictional and failure to comply with the statutory scheme for levying special assessments results in the action taken by the municipality to be null and void. *Thomas v. City of Waukesha*, 19 Wis. 2d 243, 250, 120 N.W.2d 58 (1963). The City admitted that it did not comply with the procedural steps required by Wis. Stat. § 66.0703 and consented to summary judgment that the assessment was null and void. The City convinced the circuit court, however, to limit the finding to the $19,241.73 Murdock Avenue "portion" of CED's assessment. The pertinent question on appeal is whether CED's appeal included the $19,404.93 "portion" of the assessment for the "Jackson Street–Murdock Avenue intersection improvement project." I believe it clearly does.

¶ 25. CED filed the statutorily required notice of appeal pursuant to Wis. Stat. § 66.0703(12) in which CED placed the City on notice that it "has appealed the special assessment." CED's complaint set forth seven paragraphs where it lodged its specific objections to the "special assessment," including that it did not comply with § 66.0703(5). The complaint speaks of the "special assessment" in the singular—consistent with the City's Final Resolution, which expressly describes all of the assessments related to the Jackson Street–Murdock Avenue intersection improvement project as "a single assessment."

¶ 26. Under Wisconsin's liberal notice pleading rule, "[a]ll pleadings shall be so construed as to do

321

substantial justice." Wis. Stat. § 802.02(6). A complaint must be read "most favorably to the plaintiff." *Bowen v. Lumbermens Mut. Cas. Co.*, 183 Wis. 2d 627, 635, 517 N.W.2d 432 (1994).

> This fundamental approach to pleading reflects a determination that the resolution of legal disputes should be made on the merits of the case rather than on the technical niceties of pleading . . . . [P]leading is not to become a "game of skill in which one misstep by counsel may be decisive of the outcome."

*Korkow v. General Cas. Co. of Wis.*, 117 Wis. 2d 187, 193, 344 N.W.2d 108 (1984). The majority pays lip service to this rule, but in application, it reverts to strictly construing the complaint's technical defects against the pleader—a notion long ago abandoned by our legal system. *See Gunn v. Madigan*, 28 Wis. 158, 164–65 (1871).

¶ 27. The majority concludes that, as CED referenced only the $19,241.73 figure in paragraph four of the complaint, the $19,404.93 "portion" attributable to the Jackson Street portion of the "Jackson Street–Murdock Avenue intersection improvement project" was not appealed. Majority, ¶ 17. The majority compounds its error by finding that CED's amended complaint does not relate back to the original complaint as the amended complaint's general challenge to the special assessment does not arise from facts set forth in the original complaint. *Id.*, ¶ 21. The majority does not meaningfully address CED's argument that it "attempted to set forth" the facts to support a challenge to the entire special assessment levied against it in the original complaint, meeting the standard of Wis. Stat. § 802.09(3). The logic of the majority provides that the only assessment that was appealed was the Murdock

Avenue repair assessment. Yet, the complaint does not say that; it gives notice of an appeal of the "special assessment" for the "Jackson Street–Murdock Avenue intersection improvement project." The confusion inherent in paragraph four of the complaint is directly attributable to the City's failure to prepare the proper report as required by WIS. STAT. § 66.0703(5).

¶ 28. WISCONSIN STAT. § 66.0703(4) and (5) require that before a municipality may levy a special assessment upon a property owner, the municipality must prepare a report that shall consist of:

> (a) Preliminary or final plans and specifications.
>
> (b) An estimate of the entire cost of the proposed work or improvement.
>
> (c) ... [A]n estimate, as to each parcel of property affected, of:
>
>> 1. The assessment of benefits to be levied.
>>
>> 2. The damages to be awarded for property taken or damaged.
>>
>> 3. The net amount of the benefits over damages or the net amount of the damages over benefits.
>
> (d) A statement that the property against which the assessments are proposed is benefitted, if the work or improvement constitutes an exercise of police power.

Sec. 66.0703(5). CED argued at its motion for summary judgment that the report prepared by the City failed to provide the information required in subsections (b), (c), and (d) of § 66.0703(5). The City did not challenge the proffer made by CED and admitted that the City assessment report is "not a picture of clarity." The City

conceded that the levy was invalid and unenforceable and that the City would have to re-do the assessment pursuant to § 66.0703(10).[2]

¶ 29.  The majority rewards the City for its failure to provide the statutorily required notice to those affected. CED thought the assessment of $19,241.73 was unfair and appealed. Only during discovery did CED learn that a total of $38,646.66 had been levied against it. The City's failure to comply with WIS. STAT. § 66.0703(5) is being utilized to defeat the purpose for which it was enacted. A government that attempts to tax its citizens should not profit from its failure to abide by statutes obligating it to provide full notice to those it seeks to tax.

¶ 30.  CED's appeal revolved around the City's authority to levy the special assessment against it. It is due to the City's failure to give proper notice through the WIS. STAT. § 66.0703(5) report that CED thought the assessment was $19,241.73 rather than the total levy against it of $38,646.66. The majority ignores that the special assessment levied was a "single assessment" that is void and unenforceable. CED did not appeal the $19,241.73 "portion" attributable to "Murdock Avenue," it appealed the assessment of the "Jackson Street–Murdock Avenue intersection improvement project."

¶ 31.  I would respectfully reverse.

---

[2] "[T]he legislature provided municipalities with the power to reopen and reconsider an assessment under [WIS. STAT. §] 66.0703(10), including any assessment that may be void or invalid." *Park Ave. Plaza v. City of Mequon*, 2008 WI App 39, ¶ 14, 308 Wis. 2d 439, 747 N.W.2d 703. The statute does not prohibit postimprovement assessments. *Id.*, ¶ 16.

| PARCEL I.D. | DESCRIPTION | OWNER | FRONTAGE CALCULATION | ASSESSABLE LINEAR FEET | ASSESSMENT CREDIT | CONCRETE PAVING ASSESSMENT | SIDEWALK REHAB | SANITARY LATERAL RELAY | NEW STORM SEWER LATERAL |
|---|---|---|---|---|---|---|---|---|---|
| 12-2933-0000 | 1851 JACKSON ST | NEIL C KOENEMAN | | 17.50 | $218.55 | $959.42 (##) | | | |
| 12-0024-0000 | 1855 JACKSON ST | JEFFREY & NELISS MITCHELL | 11.32' + 23.16' + (12.66'/2) = | 40.81 | $531.45 | $1,892.45 (##) | | | |
| 12-5054-0000 | 1707 JACKSON ST | NATHAN C MIRANDA MECKLENBURG | (19.26'/2) + 83.31" = | 91.44 | $1,081.13 | $4,551.57 (##) | | $350.00 | |
| 12-0057-0000 | 1713 JACKSON ST | CORLISS P EM ENBERGER | 41.90' + 5.12' = | 47.02 | | $2,890.43 | | $550.00 | |
| 12-0058-0000 | 415 W MURDOCK AVE | EILEEN W BAUMAN | 83.26' + 17.04' = | 100.30 | | $12,618.74 | $411.43 | $550.00 | $300.00 |
| 12-1026-0000 | 1805 JACKSON ST | CITY OF OSHKOSH | | | | | | | |
| 12-1024-0000 | 1821 JACKSON ST | KNIGHTS OF COLUMBUS | | 154.14 | | $19,392.35 | $228.32 | | $300.00 |
| 12-1024-0100 | 1831 JACKSON ST | S MALSKA BROS REAL ESTATE LLC | | 70.00 | | $4,637.00 | | | $300.00 |
| 12-1024-0200 | UNDEVELOPED LOT | ARCH AND PROPERTY I LLC | 9.27' + 17.14' = | 26.41 | | $3,322.64 | $59.30 | | |
| 12-1042-0000 | 1893 JACKSON ST | FRANCHISE REALTY INT | | 35.00 | | $4,603.35 | | | |
| 15-0168-0000 | 1644 JACKSON ST | MICHAEL P KILDE | (38.41' - 3.34') + 19.16' = | 52.23 | $550.48 | $2,556.83 (##) | | | $300.00 |
| 15-0164-0000 | 315 W MURDOCK AVE | WALTRUST PROPERTIES INC | 203.45' + (20.02'/2) - (159.7'/2') = | 224.47 | $4,102.45 | $24,139.09 (#) | $413.92 | | RECONNECT |
| 15-1684-1000 | 1900 JACKSON ST | CED PROPERTIES LLC | | 154.24 | | $19,404.93 | $61.43 | | |
| 15-1407-0200 | | 1900 JACKSON STREET LLC | | 260.00 | | $32,710.90 | $228.32 | | RECONNECT |
| | | | TOTALS | | | $133,554.46 | $1,482.72 | $2,850.00 | $1,200.00 |

\# INCLUDES $26.99 PER FT CREDIT FOR (1925) OF 2001 NON-RESIDENTIAL CONCRETE PAVING ASSESSMENT

\#\# INCLUDES $12.49 PER FT CREDIT FOR (1925) OF 2001 R-1/R-2 RESIDENTIAL CONCRETE PAVING ASSESSMENT

* CALCULATION INCLUDING LONG SIDE CORNER LOT DEDUCTION

2010 ASSESSMENT RATES:

46-37' CONCRETE PAVING (NON-RESIDENTIAL) = $125.81 PER LINEAR FOOT (REDUCED)
46-37' CONCRETE PAVING (R-3/R-5 RESIDENTIAL) = $69.10 PER LINEAR FOOT
46-37' CONCRETE PAVING (R-1/R-2 RESIDENTIAL) = $61.50 PER LINEAR FOOT
SIDEWALK REHABILITATION = $3.31 PER SQUARE FOOT
SANITARY SEWER LATERAL RELAY = $850.00 EACH
NEW STORM SEWER LATERAL = $300.00 EACH

| CITY OF OSHKOSH ENGINEERING DIVISION | |
|---|---|
| CONTRACT NO. 10-13 | DRAWN 3/25/2010 |
| WARD 1/7W/5TH | REVISED |

CONCRETE PAVING, SIDEWALK, SANITARY LATERAL RELAY AND STORM LATERAL SPECIAL ASSESSMENTS
JACKSON STREET
69.9 FEET SOUTH OF HOBBS AVE TO 215.5 FEET SOUTH OF W GREENWALD AVE

324-A

| PARCEL I.D. | DESCRIPTION | OWNER | FRONTAGE CALCULATION | ASSESSABLE LINEAR FEET | ASSESSMENT CREDIT | CONCRETE PAVING ASSESSMENT | SIDEWALK REHAB | NEW STORM SEWER LATERAL |
|---|---|---|---|---|---|---|---|---|
| 12-1898-0000 | 510 W MURDOCK AVE | KARA PROPERTIES LLC | | 22.62 | | $2,845.82 | $69.61 | |
| 12-1927-0000 | 502 W MURDOCK AVE | LASER INVESTMENTS LLC | 27.92' + 15.36' + 52.80' = | 96.58 | | $12,024.92 | $294.26 | $300.00 |
| 12-1928-0100 | 450 W MURDOCK AVE | YO LI | 73.12' + 49.19' = | 122.31 | | $15,387.62 | $162.19 | $300.00 |
| 12-1926-0000 | 1805 JACKSON ST | CITY OF OSHKOSH | | | | | | |
| 15-1896-0000 | 1900 JACKSON ST | CED PROPERTIES LLC | 226.07' - (150.7' /2') = | 161.07 | $1,022.49 | $19,241.73   (#) | $352.35 | RECONNECT |
| 15-1497-0200 | 1900 JACKSON ST | 1900 JACKSON STREET LLC | | 60.00 | $405.80 | $7,141.50   (#) | | RECONNECT |
| 15-1896-1100 | 210 W MURDOCK AVE | 1900 JACKSON STREET LLC | 63.18' + 80.19' = | 143.37 | $969.07 | $17,068.31   (#) | | |
| 15-1497-0300 | LOT 1 OF CSM 5453 | CITY OF OSHKOSH | | | | | | |
| 12-0963-0000 | 505 W MURDOCK AVE | HARRY L TROY REV TRUST | 182.07' - 28.83' = | 153.24 | | $19,279.12 | | $300.00 |
| 12-0958-0000 | 415 W MURDOCK AVE | EILEEN W BAUMAN | 1.23' + 178.04' + 5.07' - (150'/2') = | 118.32 | | $14,885.84 | | RECONNECT |
| 15-0184-0000 | 315 W MURDOCK AVE | WALTRUST PROPERTIES INC | (20.02'/2) + 232.0' + (13.71'/2) = | 242.865 | $418.41 | $30,491.30   (#) | | |
| 15-0201-0000 | 215 W MURDOCK AVE | 215 W MURDOCK AVE LLC | (14.66'/2) + 54.45' + 92.72' = | 154.50 | $532.23 | $18,905.42   (#) | $182.05 | |
| 15-0201-0100 | 205 W MURDOCK AVE | ACLD LLC/ACLS LLC | 27.58' + 27.50' + 54.19' - 49.12' = | 60.15 | $370.19 | $7,197.20   (#) | $353.51 | |
| | | | TOTALS | | | $164,469.38 | $1,413.87 | $300.00 |

# INCLUDES $678 PER FT CREDIT FOR (@25) OF 1993 NON-RESIDENTIAL CONCRETE PAVING ASSESSMENT

* CALCULATION INCLUDING LONG SIDE CORNER LOT DEDUCTION

2010 ASSESSMENT RATES:

45-59' CONCRETE PAVING (NON-RESIDENTIAL) = $125.81 PER LINEAR FOOT (REDUCED)
SIDEWALK REHABILITATION = $3.31 PER SQUARE FOOT
NEW STORM SEWER LATERAL = $300.00 EACH

| CITY OF OSHKOSH ENGINEERING DIVISION | | |
|---|---|---|
| CONTRACT NO | DRAWN | |
| 10-13 | 3/3/2010 | REVISED |
| WARD | | |
| 12TH/13TH | | |

CONCRETE PAVING, SIDEWALK AND
STORM LATERAL SPECIAL ASSESSMENTS

WEST MURDOCK AVENUE
214.5 FEET EAST OF WISCONSIN ST TO
49.5 FEET WEST OF BURDICK ST

324-B