# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2012AP5 |
| COMPLETE TITLE: | CED Properties LLC, <br><br>                Plaintiff-Appellant-Petitioner, <br>       v. <br>City of Oshkosh, <br>                Defendant-Respondent. |

REVIEW OF A DECISION OF THE COURT OF APPEALS
Reported at 348 Wis. 2d 305, 836 N.W.2d 654
(Ct. App. 2013 – Published)
PDC No.: 2013 WI App 75

| | |
|---|---|
| OPINION FILED: | March 6, 2014 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | December 18, 2013 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | Circuit |
|   COUNTY: | Winnebago |
|   JUDGE: | Thomas J. Gritton |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | |
|   DISSENTED: | |
|   NOT PARTICIPATING: | |

ATTORNEYS:

For the plaintiff-appellant-petitioner, there were briefs by *Erik S. Olsen* and *Eminent Domain Services, LLC*, Madison, and oral argument by *Erik S. Olsen*.

For the defendant-respondent, there was a brief by *Richard J. Carlson* and *Silton Seifert Carlson S.C.*, Appleton, and oral argument by *Richard J. Carlson*.

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2012AP5
(L.C. No. 2010CV1866)

STATE OF WISCONSIN          :       IN SUPREME COURT

CED Properties, LLC,

       Plaintiff-Appellant-Petitioner,

   v.

City of Oshkosh,

       Defendant-Respondent.

**FILED**

**MAR 6, 2014**

Diane M. Fremgen
Clerk of Supreme Court

REVIEW of a decision of the Court of Appeals. *Reversed and cause remanded.*

¶1 N. PATRICK CROOKS, J. This is a review of a published court of appeals decision that affirmed the circuit court.[1] This case involves special assessments levied by the City of Oshkosh ("the City") against a corner lot property owned by CED Properties, LLC ("CED"), which is located at the intersection of Jackson Street and Murdock Avenue in Oshkosh, Wisconsin. Specifically, we review whether CED's complaint was

---

[1] CED Properties, LLC v. City of Oshkosh, 2013 WI App 75, 348 Wis. 2d 305, 836 N.W.2d 654.

sufficient to place the City on notice that CED intended to appeal both the Jackson Street and Murdock Avenue special assessments.

¶2 The City maintains that its typical practice is to issue a separate special assessment for each street that abuts a property. The City, therefore, asserts that it issued two separate special assessments against CED: one assessment against Murdock Avenue and another separate assessment against Jackson Street. In contrast, CED argues that the City issued a single special assessment against its property when it adopted Final Resolution 10-227, which stated that "the assessments for all projects included in said report are hereby combined as a single assessment, but any interested property owners shall be entitled to object to each assessment separately or both assessments, jointly for any purpose or purposes."

¶3 Both the circuit court and the court of appeals held that the City did, in fact, levy two separate special assessments against CED. CED Properties, LLC v. City of Oshkosh, 2013 WI App 75, ¶11, 348 Wis. 2d 305, 836 N.W.2d 654. We also conclude that the City issued two special assessments rather than a single special assessment against CED's property; however, we ultimately conclude that CED's original complaint provided the City with reasonable and sufficient notice that CED

2

intended to appeal the entirety of the special assessments levied against its property.[2]

¶4   On November 30, 2011, the Winnebago County Circuit Court, the Honorable Thomas J. Gritton presiding, held that Wis. Stat. § 66.0703[3] governed as the specific statute applicable to appeals of special assessments. Under Wis. Stat. § 66.0703(12)(a), the circuit court held that CED failed to appeal the Jackson Street special assessment within the required 90-day time limit; therefore, it issued an order granting the defendant, the City, partial summary judgment regarding the Jackson Street special assessment. The court of appeals affirmed the decision of the circuit court that CED failed to timely appeal the Jackson Street special assessment but based its holding on different reasoning than the circuit court's.

---

[2] After the City conceded that both special assessments failed to include the total cost of the intersection improvement project in violation of Wis. Stat. § 66.0703(5)(b), the circuit court granted partial summary judgment in favor of CED in regard to the Murdock Avenue special assessment. Our decision today does not review the Murdock Avenue special assessment. This procedural deficiency, which the City concedes, applies to both the Murdock Avenue and the Jackson Street special assessments, and CED timely appealed both special assessments. Therefore, summary judgment in favor of CED is also appropriate in regard to the Jackson Street special assessment. As a result of our decision today, neither of the July 27, 2010, special assessments against CED's property located at the intersection of Jackson Street and Murdock Avenue in Oshkosh, Wisconsin, remains valid.

[3] This and all subsequent references to the Wisconsin Statutes are to the 2011-12 version unless otherwise indicated.

¶5   CED sought review and argues that under Wisconsin's rules of notice pleading, its original complaint was sufficient to challenge both the Jackson Street and the Murdock Avenue special assessments. Alternatively, CED argues that Wis. Stat. § 802.09(3), Wisconsin's relation back statute, applies to the appeal of special assessments and, as a result, CED's amended complaint saves its claim regarding the Jackson Street special assessment.

¶6   We agree with CED's first argument and hold that its original complaint was sufficient to appeal not only the Murdock Avenue special assessment, but the Jackson Street special assessment as well. Wisconsin has long abandoned rigid pleading requirements in favor of liberal civil procedural rules. Notice pleading rules not only simplify pleading in Wisconsin, but also favor the resolution of claims on the merits. CED filed its original complaint within the 90-day time period required by Wis. Stat. § 66.0703(12)(a). The original complaint included the parcel number, 15-1898-1000, which is the only parcel number assigned to the property in question. Furthermore, the original complaint included reference to the "Jackson Street - Murdock Avenue intersection improvement project," which formed the basis for the special assessments levied by the City.

¶7   The alleged problem with the complaint was that it included only the monetary value, $19,241.73, which corresponds with the Murdock Avenue special assessment. That the complaint failed to identify an additional $19,404.93 for the Jackson Street special assessment is not detrimental to CED's appeal of

4

both special assessments. The parcel number and the reference to both street names when identifying the project for which the special assessments were levied placed the City on notice that CED intended to appeal the total amount of special assessments levied against its property. This notice to the City was reasonable and sufficient and, therefore, is all that is required under Wisconsin's rules of notice pleadings. Accordingly, we reverse the court of appeals.

## I.   Background

¶8   CED owns property situated on the northeast corner of Jackson Street and Murdock Avenue in Oshkosh, Wisconsin. On July 27, 2010, the City passed a resolution that levied special assessments against several properties, including CED's property, to assist in funding an intersection improvement project. The project consisted of the creation of a multi-lane roundabout and various landscape improvements at the intersection of Jackson Street and Murdock Avenue. The City levied a total of $38,646.66 in special assessments for the "Jackson Street - Murdock Avenue intersection improvement project," against parcel number 15-1898-1000, CED's property. The City levied $19,404.93 against the portion of CED's property bordering Jackson Street and assigned an additional $19,241.73 against the same corner lot property, which also runs alongside Murdock Avenue.

¶9   While the City issued one final resolution, the final resolution included maps indicating, as reference points, both Jackson Street and Murdock Avenue. Most important, two

5

schedules accompanied the final resolution. Each schedule identified the same parcel I.D., 15-1898-1000, and the same description, 1800 Jackson Street, in reference to the owner, CED. However, the schedule immediately following the Jackson Street map indicates a concrete paving assessment of $19,404.93, while the schedule associated with the Murdock Avenue map lists a concrete paving assessment of $19,241.73.

¶10 On September 23, 2010, CED appealed the special assessments by simultaneously filing a notice of appeal and a complaint with the circuit court. Paragraph three of the complaint states, "Plaintiff owns property located at 1800 Jackson Street Oshkosh, WI 54901, City of Oshkosh parcel number 15-1898-1000." Paragraph four of the complaint states, "On July 27, 2010 Oshkosh, by its Common Council, authorized the issuance of a $19,241.73 special assessment on parcel number 15-1898-1000 to help pay for the street repair portion of the Jackson Street – Murdock Avenue intersection improvement project."

¶11 It is undisputed that CED filed its notice of appeal and complaint within the 90-day time limit set forth in Wis. Stat. § 66.0703(12)(a). It is also undisputed that CED filed an amended complaint on June 28, 2011, well past the 90-day time limit to appeal. In its amended complaint, CED recognized that its original complaint did not include the correct monetary value for the entirety of the special assessments levied against its property. Therefore, its amended complaint did not include the reference to a specific monetary value that previously appeared in paragraph four of the original complaint. The

6

amended complaint also changed "special assessment" to read "special assessment(s)" throughout.

¶12 The City moved for partial summary judgment arguing that CED's claim regarding the $19,404.93 Jackson Street special assessment was not filed within the 90-day time limit set forth in Wis. Stat. § 66.0703(12)(a). The City did not challenge CED's appeal of the Murdock Avenue special assessment, and the City conceded that it did not follow procedural requirements set forth in Wis. Stat. § 66.0703(5) when issuing the special assessments.

¶13 CED moved for summary judgment arguing that its original complaint sufficiently challenged the entirety of the special assessments. Alternatively, CED argued that its amended complaint related back to the original complaint and thus saved its claim as to the Jackson Street special assessment. Furthermore, CED argued that the City's special assessments were invalid for a number of reasons, including that the City failed to comply with procedural requirements.[4]

¶14 As to the Murdock Avenue special assessment, the circuit court agreed with CED and granted it partial summary judgment. In granting CED partial summary judgment, the circuit

---

[4] In addition, CED's original and amended complaints alleged that the special assessments were not local in nature, that the improvement project failed to benefit CED's property, that the special assessments were not reasonably apportioned, that the amount of the special assessments exceeded any benefit to CED's property, that the special assessments were a violation of equal protection, and that CED received untimely notice of the hearing in which the City adopted the special assessments.

court relied on the City's concession that it failed to follow proper procedure when levying the special assessments at issue. Specifically, the City failed to include the total cost of the intersection improvement project in the engineer's report as required by Wis. Stat. § 66.0703(5) when it issued the special assessments. In regard to the Jackson Street special assessment, the circuit court granted the City's motion for partial summary judgment. It held that under Wis. Stat. § 66.0703(12)(a), the specific statute governing appeals of special assessments, CED failed to appeal the Jackson Street special assessment within the 90-day time limit.

¶15 A majority of the court of appeals agreed; however, its reasoning differed from the circuit court's. First, as a preliminary matter, the court of appeals determined that the City, did, in fact, issue two separate special assessments against CED's property. Second, the court of appeals, contrary to the circuit court, held that the rules of notice pleading and the relation back statute, Wis. Stat. § 802.09(3), apply to special proceedings such as the appeal of special assessments under Wis. Stat. § 66.0703. However, the court of appeals concluded that CED's amended complaint did not save its challenge of the Jackson Street special assessment. It held that the amended complaint could not relate back to the original complaint because the Jackson Street special assessment did not arise out of the Murdock Avenue special assessment. Furthermore, the court of appeals reasoned that the original complaint related only to the Murdock Avenue special assessment;

8

therefore, appeal of the Jackson Street special assessment remained untimely.

¶16  Judge Paul F. Reilly, who dissented, would have first held that the City issued a single special assessment against CED.  In addition, Judge Reilly argued in his dissent that CED's original complaint gave fair notice to the City that CED intended to appeal the entire special assessment levied against its property.

¶17  Before this court, CED asserts that under Wisconsin's notice pleading rules, its original complaint was sufficient to challenge the entirety of the special assessments levied against its property.  As we noted previously, in the alternative, CED argues that Wisconsin's relation back statute, Wis. Stat. § 802.09(3), applies to the appeal of special assessments and that its amended complaint relates back to its original complaint, which saves its appeal of the Jackson Street special assessment.

¶18  Because we conclude that CED's original complaint provided reasonable and sufficient notice to challenge the entirety of the special assessments levied against its property, we do not address its alternative argument.

## II.  Analysis

### A. Principles of Notice Pleading

¶19  Wisconsin Stat. § 802.02 sets forth the general rules of pleading.  In Wisconsin, a pleading must set forth "[a] short and plain statement of the claim, identifying the transaction or occurrence or series of transactions or occurrences out of which

9

the claim arises and showing that the pleader is entitled to relief." Wis. Stat. § 802.02(1)(a). A pleading must also set forth "[a] demand for judgment for the relief the pleader seeks." Wis. Stat. § 802.02(1)(b). In addition, Wis. Stat. § 802.02(6) governs "[c]onstruction of pleadings," which requires that "[a]ll pleadings shall be so construed as to do substantial justice." Wis. Stat. § 802.02(6). Finally, the Wisconsin Rules of Civil Procedure "shall be construed to secure the just, speedy and inexpensive determination of every action and proceeding." Wis. Stat. § 801.01(2).

¶20 The Wisconsin Rules of Civil Procedure, effective January 1, 1976, are patterned after the federal rules of civil procedure. Korkow v. General Cas. Co. of Wis., 117 Wis. 2d 187, 193, 344 N.W.2d 108 (1984). In Korkow, this court addressed the question of whether an amended complaint that added a separate claim by an added plaintiff could relate back to the filing date of the original complaint. Id. at 192. In interpreting Wisconsin's relation back statute, we analyzed "Wisconsin's liberal civil procedure rules." Id. We noted that Wisconsin does not employ rigid civil procedure rules. See id. Instead, Wisconsin's notice pleading rules "are intended to facilitate the orderly adjudication of disputes." Id. at 193.

¶21 We have explained that "[t]his functional approach to pleading reflects a determination that the resolution of legal disputes should be made on the merits of the case rather than on the technical niceties of pleading." Id. at 193. "A complaint which might well have failed under the old procedure for failure

10

to state sufficient facts now will be sustained if reasonable notice is given to the defendant in respect to the nature of the claim." Anderson v. Cont'l Ins. Co., 85 Wis. 2d 675, 684, 271 N.W.2d 368 (1978).

¶22 In Canadian Pac. Ltd. v. Omark-Prentice Hydraulics, Inc., 86 Wis. 2d 369, 371, 272 N.W.2d 407 (Ct. App. 1978), the court of appeals addressed the issue of whether an "omission in the summons of a statement that the answer must be served within twenty days after the date of service of the summons and complaint deprives the trial court of jurisdiction." In holding that the omission in question did not defeat the circuit court's jurisdiction, the court of appeals noted,

> [O]ur Rules of Civil Procedure, like the federal rules relating to pleadings, "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."

Canadian Pac. Ltd., 86 Wis. 2d at 373 (Ct. App. 1978)(citing Conley v. Gibson, 355 U.S. 41, 48 (1957), abrogated on other grounds by Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)).

### B. Standard of Review

¶23 Whether a circuit court properly granted a motion for summary judgment is reviewed de novo. Everson v. Lorenz, 2005 WI 51, ¶9, 280 Wis. 2d 1, 695 N.W.2d 298. In reviewing a previous court's summary judgment decision, this court will apply "the same methodology as the circuit court[,] and benefit[s] from its analysis." Id. Summary judgment "shall be rendered if the pleadings, depositions, answers to

11

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Wis. Stat. § 802.08(2).

### C. The Sufficiency of CED's Original Complaint

¶24 CED argues that the City issued a single special assessment and that under Wisconsin's rules of notice pleading, its original complaint placed the City on notice that it intended to challenge the entire amount of that assessment. In addition, CED argues that the City's answer to its original complaint supports CED's argument because the City's answer makes reference to a single special assessment.

¶25 The City argues that municipalities customarily issue two separate special assessments for corner lots and that the City "clearly and unambiguously" levied two special assessments as indicated by the assessment schedules. The City further contends that CED appealed only the Murdock Avenue special assessment because the original complaint references $19,241.73, which corresponds to the Murdock Avenue special assessment. The City concedes that the special assessments were procedurally invalid because they failed to include "[a]n estimate of the entire cost of the proposed work or improvement" as required by Wis. Stat. § 66.0703(5)(b) and also lacked any "statement that the property against which the assessments are proposed is benefited . . ." as required by Wis. Stat. § 66.0703(5)(d).

¶26 Despite these procedural inadequacies, the City maintains that CED appealed only the Murdock Avenue special

12

assessment within the 90-day time limit required by Wis. Stat. § 66.0703(12)(a). Since the City argues that Wis. Stat. § 66.0703(12)(a) is the controlling statute, it asks this court to conclude that the Jackson Street special assessment appeal was untimely.

¶27 While we agree with the circuit court and the court of appeals that the City issued two special assessments as indicated by the assessment schedules, we ultimately conclude that CED's original complaint gave the City reasonable and sufficient notice that it intended to appeal the entire amount of special assessments levied against its property. First, Wis. Stat. § 802.02, governing the general rules of pleadings, applies to appeals of special assessments under Wis. Stat. § 66.0703. This result is dictated by the text of Wis. Stat. § 801.01(2), which, in part, provides: "Chapters 801 to 847 govern procedure and practice in circuit courts of this state in all civil actions and special proceedings whether cognizable as cases at law, in equity or of statutory origin except where different procedure is prescribed by statute or rule." Wis. Stat. § 801.01(2) (emphasis added).

¶28 Special assessment appeals under Wis. Stat. § 66.0703 are special proceedings. Mayek v. Cloverleaf Lakes Sanitary Dist. No. 1, 2000 WI App 182, ¶5, 238 Wis. 2d 261, 617 N.W.2d 235 (interpreting Wis. Stat. § 66.60, the predecessor to Wis. Stat. § 66.0703); Outagamie Cnty. v. Town of Greenville, 2000 WI App 65, ¶7, 233 Wis. 2d 566, 608 N.W.2d 414 (reviewing the

13

procedures to appeal a special assessment under Wis. Stat. § 66.60(12)(a)).

¶29 Since the Wisconsin Rules of Civil Procedure apply to special proceedings such as special assessment appeals under Wis. Stat. § 66.0703(12)(a), we next consider whether any conflict exists between rules of notice pleading and Wis. Stat. § 66.0703. After careful consideration of Wis. Stat. §§ 802.02, 801.01(2), and 802.02(6), along with review of our prior case law on notice pleading, we conclude that nothing in Wis. Stat. § 66.0703 conflicts with Wisconsin's notice pleading rules. Furthermore, we find no reason why the principles of notice pleading should not apply to appeals of special assessments under § 66.0703.

¶30 Under principles of notice pleading, we are satisfied that CED's original complaint was sufficient to challenge the entire amount of the special assessments levied against its property. This is because the original complaint placed the City on reasonable and sufficient notice that it intended to appeal the entirety of the special assessments.

¶31 First, the original complaint identified the parcel number, 15-1898-1000, against which the City levied the special assessments. The property in question is identified by one and only one parcel number. Second, the original complaint identified the improvement project for which the special assessments were issued as the "Jackson Street – Murdock Avenue intersection improvement project." Not only does the original

14

complaint identify the name of the improvement project, but the project name itself references both street names in question.

¶32 The fact that CED included only the amount of the Murdock Avenue special assessment in its original complaint does not defeat CED's intention to appeal the entire amount of the special assessments. By listing the parcel number and the name of the improvement project along with a reference to both street names, CED's original complaint placed the City on reasonable and sufficient notice that it intended to appeal the entire amount of special assessments levied against its property. To conclude otherwise would hold CED to the type of technical pleading requirements that we have held no longer apply under our rules of civil procedure.

¶33 Having concluded that CED's original complaint properly appealed both the Murdock Avenue and Jackson Street special assessments, we also conclude that CED's appeal was timely and that summary judgment in favor of CED is appropriate. In its original complaint, CED asserted that the City failed to comply with Wis. Stat. § 66.0703(5) when issuing the special assessments in question. As we have previously discussed, the City conceded that it did not comply with Wis. Stat. § 66.0703(5). Due to the City's failure to comply with Wis. Stat. § 66.0703(5) in regard to both the Murdock Avenue and the Jackson Street special assessments and CED's timely appeal of both special assessments, we conclude that no genuine issues of material fact remain, and this case is appropriate to resolve,

15

in favor of CED, on summary judgment, based on the legal issue presented.

¶34 Because we hold that CED's original complaint contained sufficient information to place the City on reasonable notice of CED's intent to appeal the total amount of special assessments, we do not reach CED's alternative argument regarding the application of Wisconsin's relation back statute to special assessment appeals.

### III. Conclusion

¶35 We agree with CED's first argument and hold that its original complaint was sufficient to appeal not only the Murdock Avenue special assessment, but the Jackson Street special assessment as well. Wisconsin long abandoned rigid pleading requirements in favor of liberal civil procedural rules. Notice pleading rules not only simplify pleading in Wisconsin, but also favor the resolution of claims on the merits. CED filed its original complaint within the 90-day time period required by Wis. Stat. § 66.0703(12)(a). The original complaint included the parcel number, 15-1898-1000, which is the only parcel number assigned to the property in question. Furthermore, the original complaint included reference to the "Jackson Street – Murdock Avenue intersection improvement project," which formed the basis for the special assessments levied by the City. The alleged problem with the complaint was that it included only the monetary value, $19,241.73 which corresponds with the Murdock Avenue special assessment. That the complaint failed to identify an additional $19,404.93 for the Jackson Street special

16

assessment is not detrimental to CED's appeal of both special assessments. The parcel number and the reference to both street names when identifying the project for which the special assessments were levied placed the City on notice that CED intended to appeal the total amount of special assessments levied against its property. This notice to the City was reasonable and sufficient and, therefore, is all that is required under Wisconsin's rules of notice pleadings. Accordingly, we reverse the court of appeals.

*By the Court.*—The decision of the court of appeals is reversed and cause remanded to the circuit court with instructions to enter summary judgment in favor of CED Properties, LLC in regard to the Jackson Street special assessment.