COURT OF APPEALS
DECISION
DATED AND FILED

October 23, 2019

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP2296-FT**

Cir. Ct. No. **2016CV63**

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT II**

---

POLK PROPERTIES, LLC AND DONALD THOMA,

    PLAINTIFFS-APPELLANTS,

  V.

GROTA APPRAISALS, LLC, MICHAEL GROTA, ABC INSURANCE COMPANY AND DEF INSURANCE COMPANY,

    DEFENDANTS-RESPONDENTS.

---

       APPEAL from a judgment of the circuit court for Waukesha County: JENNIFER DOROW, Judge. *Affirmed*.

       Before Neubauer, C.J., Reilly, P.J., and Gundrum, J.

       **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.  Polk Properties, LLC and Donald Thoma (Polk) appeal dismissal of its lawsuit against Michael Grota and Grota Appraisals, LLC, (Grota) on summary judgment after the circuit court determined claim preclusion barred its claims.  We affirm.

## BACKGROUND

*Thoma v. Village of Slinger*

¶2     This is the third lawsuit involving Polk and rural property it purchased in 2004 to develop into a residential subdivision known as Pleasant Farm Estates (the property).  It is the second lawsuit brought by Polk challenging the 2014 residential tax classification of the property.  The first challenge to the 2014 residential assessment was in *Thoma v. Village of Slinger*, 2018 WI 45, 381 Wis. 2d 311, 912 N.W.2d 56, which lays out these background facts.

¶3     After purchase of the property, Polk successfully sought rezoning of the property from agricultural to residential and committed to a restrictive covenant prohibiting Polk from using the land for agriculture in a developer's agreement with the Village of Slinger.  *Id.*, ¶4.

¶4     In 2012, the Village successfully obtained an injunction to enforce the restrictive covenant, ordering Polk to cease agricultural use.[1]  *Id.*, ¶5.

---

[1] In Washington County case No. 2011CV1224, we affirmed the circuit court's injunction, as well as the Village's breach of contract claim for damages and contempt.  *Village of Slinger v. Polk Props., LLC*, No. 2017AP2244, unpublished slip op. (WI App July 10, 2019).  Polk has filed a petition for review.

¶5 Up until 2014, the Village classified the property as agricultural. *Id.*, ¶3. Polk challenged the 2014 residential reclassification and lost before the Village Board of Review, in a certiorari action in the circuit court, and on appeal to the court of appeals and supreme court. *Id.*, ¶2.

¶6 Pertinent to this case, the supreme court affirmed the Village's 2014 residential assessment, making the following findings:

The recommendation of Village Assessor Grota that the residential classification was appropriately based on the injunction prohibiting agricultural use was incorrect, as actual use determines the appropriate tax assessment classification. *Id.*, ¶¶1, 7.

The Board affirmed the residential assessment because Polk failed to submit evidence of agricultural use. *Id.*, ¶¶2, 25 ("Because the record before the Board contains no evidence that [Polk] used the property agriculturally within the meaning of Wisconsin tax law, we hold the Board's decision upholding the tax assessment was lawful, supported by a reasonable view of the evidence, and therefore cannot be disturbed."); *Id.*, ¶¶8, 13 (the Board voted to uphold Grota's assessment because Polk "failed to submit sufficient evidence to prove the assessor's number (or classification) was wrong").

The Board did not rely on Grota's rationale that the injunction controlled tax assessment classification. *Id.*, ¶33 ("[T]he fact remains that the transcript from the Board hearing reveals [Polk] did not submit any evidence to prove agricultural use and the Board's decision was based on [Polk's] failure to meet his burden, not on Grota's incorrect testimony.").

3

Grota, who "said his opinion was based on his conversation with Patrick Chaneske" at the Department of Revenue (DOR), did not lie to the Board. *Id.*, ¶¶7, 33 n.16 ("[T]here is nothing in this record suggesting that Grota lied to the Board.").

*Polk's Claims Against Grota in This Lawsuit*

¶7     Prior to the supreme court's decision in ***Thoma***, Polk filed this lawsuit against Grota, alleging various tort claims, including negligence, misrepresentation claims, and violation of WIS. STAT. § 70.503 (2017-18).[2] Polk's claim is based on Grota's alleged misrepresentation regarding advice from Chaneske at the DOR. Polk alleges that the Board "relied exclusively" upon Grota's misrepresentation. In an amended complaint, Polk added a 42 U.S.C. § 1983 (1996)[3] claim, alleging that Grota's reclassification was "done under color of state law" and violated Polk's equal protection rights, as neighboring properties were assessed differently. Polk alleges that Grota's conduct caused it damages.

¶8     Polk also seeks damages from Grota for the subsequent residential assessments in 2015-2018, even though it did not challenge the assessments before the Board. Polk alleges these assessments also were based on Grota's 2014 misrepresentation to the Board, claiming reclassification to residential in 2014 is "an ongoing violation" which "continues year to year."

---

[2] All references to the Wisconsin Statutes are to the 2017-18 version. WISCONSIN STAT. § 70.503 authorizes a civil claim against an assessor for fraudulent valuations. *See* WIS. STAT. § 70.501 (explaining elements of a claim for fraudulent valuation by an assessor).

[3] All references to 42 U.S.C. § 1983 are to the 1996 version.

¶9    Grota moved for summary judgment seeking dismissal of Polk's complaint on the ground of claim preclusion in light of the supreme court's decision in **Thoma**.  The circuit court agreed with Grota, and Polk now appeals.

## DISCUSSION

*Standard of Review*

¶10    "[W]hether claim preclusion applies under a given factual scenario is a question of law that this court reviews *de novo*."  **Northern States Power Co. v. Bugher**, 189 Wis. 2d 541, 551, 525 N.W.2d 723 (1995).  Whether a motion for summary judgment was properly granted is also reviewed de novo.  **CED Props., LLC v. City of Oshkosh**, 2014 WI 10, ¶23, 352 Wis. 2d 613, 843 N.W.2d 382.

*Applicable Claim Preclusion Law*

¶11    Claim preclusion means that "a final judgment is conclusive in all subsequent actions between the same parties [or their privies] as to all matters which were litigated or which might have been litigated in the former proceedings."  **Pasko v. City of Milwaukee**, 2002 WI 33, ¶14, 252 Wis. 2d 1, 643 N.W.2d 72 (citation omitted).  Claim preclusion is designed to encourage finality of judgments and prevent repetitive litigation.  **Northern States Power**, 189 Wis. 2d at 550.

¶12    The elements of claim preclusion are:  "(1) an identity between the parties or their privies in the prior and present suits; (2) an identity between the causes of action in the two suits; and, (3) a final judgment on the merits in a court of competent jurisdiction."  **Wickenhauser v. Lehtinen**, 2007 WI 82, ¶22, 302 Wis. 2d 41, 734 N.W.2d 855.

*Identity of Parties*

¶13    The circuit court determined that Grota and the Village were privies. We agree.

¶14    "Privity exists when a person is so identified in interest with a party to former litigation that he or she represents precisely the same legal right in respect to the subject matter involved." *Pasko*, 252 Wis. 2d 1, ¶16. "In other words, privity compares the interests of a party to a first action with a nonparty to determine whether the interests of the nonparty were represented in the first action." *Id.*, ¶18.

¶15    In *Thoma*, Polk challenged the Village's 2014 residential assessment, requiring the Village to defend the assessment. It did, and the supreme court affirmed the validity of the assessment. Polk's claims in both cases are based on the same allegations, asserting that the Board relied on Grota's misrepresentation regarding his conversation with the DOR. However, in *Thoma*, the supreme court determined that Grota did not lie to the Board, and the Board did not rely on his rationale in any event.

¶16    The same legal interest of the Village and Grota—defending the challenge to the 2014 residential assessment—was squarely at issue, and Grota's interests were represented by the Village in *Thoma*. Grota served as the Village's assessor under a contract for assessment services. *See Pasko*, 252 Wis. 2d 1, ¶18 (although a contractual relationship is not necessarily sufficient by itself to establish privity, it "may provide evidence to show that the parties' interests were similar"). While Polk contends the Village disagreed with Grota's rationale in the *Thoma* appeal, Polk fails to explain how a difference of opinion over a taxing rationale dilutes, much less severs, the common legal interests of the Village and

its assessor. The supreme court upheld the 2014 residential assessment as proper and found that Grota's opinion did not cause Polk damages. Grota's recommendation, to the extent it was based on the injunction or his conversation with the DOR, was irrelevant. The interests of Grota as to the same legal rights in respect to the subject matter—the validity of, and grounds for, the 2014 residential assessment—were represented in the first action by the Village.

*Identity of Actions*

¶17    Wisconsin uses the transactional approach in determining whether there is an identity of actions. Under the doctrine, a final judgment in an action extinguishes all rights "to remedies against the defendant with respect to all or any part of a transaction, or series of connected transactions, out of which the action arose." RESTATEMENT (SECOND) OF JUDGMENTS § 24(1) (AM. LAW INST. 1982).

¶18    Thus, we look at whether there is a "common nucleus of operative facts" in both cases. *Wickenhauser*, 302 Wis. 2d 41, ¶30 (citation omitted). The transactional approach looks at "all material relevant to the transaction without artificial confinement to any substantive theory or kind of relief." *Northern States Power*, 189 Wis. 2d at 555 (citation omitted). Thus, "the number of substantive theories that may be available to the plaintiff is immaterial." *Id.* Claims arising from the same factual underpinnings must "all be brought in the same action or be barred from future consideration."[4] *Id.*

---

[4] The goal of the transactional approach was explained in *Kruckenburg v. Harvey*, 2005 WI 43, ¶¶26-27, 279 Wis. 2d 520, 694 N.W.2d 879 (footnotes omitted):

(continued)

7

*Both Cases Involve a Common Nucleus of Operative Facts*

¶19    The common nucleus of operative facts underlying Polk's claims against Grota are the same as those at issue in the prior challenge to the 2014 residential assessment. The supreme court affirmed the residential classification and held the Board did not rely on Grota's alleged misrepresentation.

¶20    Polk contends that the record before the supreme court was incomplete, undermining the supreme court's holdings. Not so. While the court commented on the completeness of the record, *Thoma*, 381 Wis. 2d 311, ¶8 n.4, Polk fails to point to any allegedly missing evidence submitted to the Board that would have impacted the court's decision that the Board relied on Polk's failure to establish agricultural use.

¶21    Furthermore, as set forth in the supreme court's decision, while Polk's challenge to the 2014 residential assessment was on appeal in *Thoma*, Polk moved to vacate the circuit court's decision, arguing that it had taken the deposition of Chaneske of the DOR in this case, which it contended proved that Grota misrepresented the DOR's position. *Id.*, ¶28. The circuit court rejected this

---

The goal in the transactional approach is to see a claim in factual terms and to make a claim coterminous with the transaction, regardless of the claimant's substantive theories or forms of relief, regardless of the primary rights invaded, and regardless of the evidence needed to support the theories or rights. Under the transactional approach, the legal theories, remedies sought, and evidence used may be different between the first and second actions. The concept of a transaction connotes a common nucleus of operative facts.

The transactional approach to claim preclusion reflects "the expectation that parties who are given the capacity to present their 'entire controversies' shall in fact do so."

argument, and Polk then moved to consolidate that challenge with the 2014 residential assessment challenge. The supreme court permitted consolidation. Thus, the record involving Polk's challenge based on Grota's alleged misrepresentation was before the supreme court.

¶22 The same common nucleus of operative facts alleged here were previously litigated and decided. The judgment that the 2014 residential classification is proper is final and cannot be relitigated. Polk cannot establish Grota's liability for the 2014 assessment. Consequently, the circuit court properly dismissed Polk's challenge to the 2015-18 assessments on summary judgment because Polk presented no other facts to establish Grota wrongfully caused the 2015-18 residential assessments.[5]

*It Matters Not that Polk Has Alleged New Legal Theories*

¶23 Polk contends that claim preclusion cannot apply because Polk seeks money damages from Grota pursuant to its 42 U.S.C. § 1983 equal protection claim. Polk relies on **Hanlon v. Town of Milton**, 2000 WI 61, ¶20, 235 Wis. 2d 597, 612 N.W.2d 44, in which the supreme court held that claim preclusion did not

---

[5] Moreover, we note again that the Board did not rely on Grota's advice but instead relied on the absence of evidence of any agricultural use. Polk's briefing is silent, and it points to no facts in the summary judgment materials, as to how any liability against Grota for the years 2015-2018 could be independently established.

apply to the property owner's constitutional challenge brought after its unsuccessful WIS. STAT. ch. 68 certiorari challenge.[6] *Hanlon* is inapposite.

¶24    In *Hanlon*, our supreme court noted that "[i]n a certiorari proceeding a litigant may argue that his or her constitutional right to equal protection has been violated in an effort to establish that a municipal determination was not made according to law or is unreasonable, arbitrary and oppressive." *Hanlon*, 235 Wis. 2d 597, ¶14.  However, the property owners who challenged denial of a conditional use permit would have been limited, pursuant to WIS. STAT. § 68.13(1), to obtaining the permit and not the monetary damages they sought for their equal protection violation under 42 U.S.C. § 1983.  *See Hanlon*, 235 Wis. 2d 597, ¶18 ("[B]ecause the issue of monetary damages could not have been litigated in the [WIS. STAT.] ch. 68 proceeding, we conclude that Hanlon's § 1983 claim could not have been brought by him within his ch. 68 certiorari review.").

¶25    Not so here.  Polk brought its claim as a WIS. STAT. ch. 70 proceeding, which would have allowed for recovery of the damages Polk alleges.[7] Namely, had Polk been successful in the challenge to the 2014 residential assessment under WIS. STAT. § 70.47, it would have been entitled to recover from

---

[6] Polk presents the issue as whether the prior suit had a claim preclusive effect of this suit "under WIS. STAT. § 70.503 and 42 U.S.C. § 1983 alleging malfeasance during the years of 2014, 2015, 2016, 2017 and 2018."  Because Polk fails to address the applicability of claim preclusion to any of its common law claims, we deem its challenge to the circuit court's ruling on these claims undeveloped.  *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (we decline to address issues that are undeveloped).

[7] Polk fails to address that *Thoma v. Village of Slinger*, 2018 WI 45, 381 Wis. 2d 311, 912 N.W.2d 56, involved a tax assessment challenge under WIS. STAT. ch. 70 and provides no cases brought in this context suggesting that a 42 U.S.C. § 1983 challenge could not be raised or that claim preclusion would not be applicable to this type of challenge.

the Village the increased tax amount it now seeks to recover from Grota.[8] In *Clear Channel Outdoor, Inc. v City of Milwaukee*, 2011 WI App 117, ¶15, 336 Wis. 2d 707, 805 N.W.2d 582 (alteration in original; citation omitted), we recognized that "[t]he language [in WIS. STAT. § 70.47(7)(a)] is without qualification or limitation as to the theory upon which such action or proceeding is based, the number of persons raising such objection, or the form of relief sought," including declaring the assessment void.[9]

¶26    Thus, we agree with the circuit court's reliance on *Northern States Power*, 189 Wis. 2d at 555-56, in which our supreme court held that claim preclusion applied to the taxpayer's subsequent 42 U.S.C. § 1983 suit challenging the constitutionality of franchise tax deduction scheme (as here, an equal protection challenge), in absence of any allegation that prior administrative and judicial review proceedings, at which the deduction was denied, were inadequate

---

[8] WISCONSIN STAT. § 70.47(9)(a) provides in relevant part:

> From the evidence before it the board shall determine whether the assessor's assessment is correct. If the assessment is too high or too low, the board shall raise or lower the assessment accordingly and shall state on the record the correct assessment and that that assessment is reasonable in light of all of the relevant evidence that the board received.

[9] Polk fails to address the relief available under WIS. STAT. § 70.47(13), which stands it apart from WIS. STAT. ch. 68, and provides in pertinent part:

> CERTIORARI.… If the court on the appeal finds any error in the proceedings of the board which renders the assessment or the proceedings void, it shall remand the assessment to the board for further proceedings in accordance with the court's determination and retain jurisdiction of the matter until the board has determined an assessment in accordance with the court's order.

and incomplete, or that the taxpayer did not have fair opportunity to litigate its constitutional issue during those prior proceedings.

¶27 In *Northern States Power*, as here, the administrative and judicial tribunals before which the taxpayer litigated its challenge had the authority to grant the remedial relief requested. Our supreme court made clear that there is "no legislative suggestion that [42 U.S.C. §] 1983 claims are to be granted immunity from the principles of claim preclusion." *Northern States Power*, 189 Wis. 2d at 556 n.4; *see also* *Allen v. McCurry*, 449 U.S. 90, 104 (1980) ("There is, in short, no reason to believe that Congress intended to provide a person claiming a federal right an unrestricted opportunity to relitigate an issue already decided …."); *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 83-84 (1984) (where *Allen* left open the possibility that claim preclusion might not apply to a § 1983 litigant who could have, but did not, raise the issue, *Migra* closes that possibility).

¶28 Polk effectively concedes that a 42 U.S.C. § 1983 equal protection challenge could have been earlier asserted in a certiorari challenge that the Board's determination was not made according to law or was unreasonable, arbitrary, and oppressive. *See* *Hanlon*, 235 Wis. 2d 597, ¶14. Moreover, Polk fails to develop any argument that the prior proceedings before the Board or in the judicial review proceedings affirming the 2014 residential appraisal were inadequate and incomplete, or that it did not have fair opportunity to litigate its constitutional issue during those prior proceedings. As noted above, not only did the supreme court affirm the 2014 tax assessment and the grounds therefore, the supreme court granted consolidation to consider the precise issue Polk presented to the circuit court and now presents again here—Polk's claim that Grota misrepresented his conversation with the DOR to the Board.

¶29    Thus, it is not surprising that Polk really only addresses the assessments from 2015-18, contending that it could not have brought a 42 U.S.C. § 1983 claim prospectively in 2014.  No matter.  As noted above, its claims for those years are based on the same common nucleus of operative facts that were litigated in the 2014 assessment, and because it is precluded from relitigating those facts for the 2014 assessment, it cannot establish cause as to the subsequent years.  Summary judgment was appropriately granted.

*Final Judgment*

¶30    As is evident, the supreme court's decision in ***Thoma*** was a final judgment on the merits as to the validity of the Village's 2014 tax assessment and the grounds for the same.  Polk cannot establish that Grota is a legal cause of its alleged damages arising out of the 2014-2018 residential assessments.  The circuit court properly granted summary judgment dismissing Polk's claims.

        *By the Court*.—Judgment affirmed.

        This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.

13